```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMMY L. HENRY,
                         Plaintiff,                  09-CV-6476T

              v.                                     DECISION
                                                     and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                         Defendant.
_____
```

**INTRODUCTION**

Plaintiff Tammy L. Henry ("Plaintiff") brings this action pursuant to section 405(g) of the Social Security Act, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for a period of disability and disability insurance benefits. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Barry E. Ryan denying her application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was not supported by substantial evidence and was based upon legal error. For the reasons set forth below, the Court finds

that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny plaintiff's cross-motion for judgement on the pleadings.

## BACKGROUND

On September 27, 2006, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning August 28, 2005 due to pain in her knee, hip, arm, and back, high cholesterol, glucose intolerance, and a thyroid problem. (T. 20, 57). The claim was denied initially on December 4, 2006. Thereafter, the claimant timely filed a written request for hearing on January 10, 2007. The claimant appeared and testified at a hearing held on January 7, 2009, in Corning, NY.

In a decision dated January 29, 2009, ALJ Barry E. Ryan found that the Plaintiff was capable of performing past relevant work and was not disabled. (T. 13-19). The Appeals Council denied review on July 25, 2009, rendering the ALJ's decision the final decision of the Commissioner. (T.. 5-9). The Plaintiff filed this action September 8, 2009. (Complaint).

## DISCUSSION

### I. Jurisdiction and Scope of Review

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the

denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this court's scope of review to two inquiries: (I) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Both Plaintiff and Defendant move for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) provides that the

District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Because this Court finds that the ALJ's decision was supported by substantial evidence and the record contains substantial evidence such that further evidentiary proceedings would serve no further purpose, judgment on the pleadings is hereby granted in favor of the Commissioner.

II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record**.

The record shows that the ALJ properly followed the Social Security Administration's five-step sequential evaluation for adjudicating disability claims in determining that the Plaintiff was not disabled withing the meaning of the Social Security Act.

See 20 C.F.R. § 404.1520.[1] Under step one of that process, the ALJ found that the Plaintiff has not been engaged in substantial gainful activity since August 28, 2005, the alleged onset date. (T. 15). At steps two and three, the ALJ found that the Plaintiff's impairments from "injuries sustained in a motor vehicle accident involving the right hip, right knee and right elbow," were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. 15-17). At step four, the ALJ determined that the claimant had the residual functional capacity to perform past relevant work as a medical secretary. (T. 17-19). As per Regulations, the inquiry did not go on to step five, as the Plaintiff was found not disabled at step four. 20 C.F.R. 404.1520(e).

The Commissioner holds that the ALJ's decision, that the Plaintiff is not disabled, is supported by substantial evidence in the record. The Plaintiff has three main objections to the main decision. (Pl. Memorandum of Law ("Pl. Mem."), 4-15). First, she argues that the ALJ failed to accord proper weight to the opinions

---

[1] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

of her treating physicians, Drs. O'Neill and Aguirre. (Pl. Mem., 4-9). Second, Plaintiff contends that the ALJ failed to properly assess her subjective complaints of pain and other symptoms in (1) failing to give them great weight; (2) failing to give the Plaintiff's testimony additional credence in light of her good work history; and (3) properly evaluate her daily activities. (Pl. Mem., 9-14). Finally, she maintains that the ALJ "erred as a matter of law in not eliciting the testimony of a vocational expert" to evaluate her non-exertional limitation, since she needed to lie down two hours in an eight-hour day. (Pl. Mem., 14-15).

**A. The ALJ properly applied the treating physician rule**.

The Plaintiff argues that the opinions of Dr. O'Neill, her prior treating physician, and Dr. Aguirre, her current treating physician, should have been given controlling weight. (Pl. Mem., 8). The Plaintiff interprets both Dr. O'Neill's and Dr. Aguirre's assessments to mean that she can work less than a full eight hours and therefore she cannot perform sedentary work.[2] (Pl. Mem. 5-7). Plaintiff's argument, that the ALJ improperly applied the treating physician rule, which is articulated in Bluvband v. Heckler, a 1984 Second Circuit case holding that a "the expert opinions of a treating physician as to the existence of a disability are binding

---

[2] Dr. O'Neill opined that she could sit less than six hours a day and stand less than two. (T. 44-451). Dr. Aguirre's opined that she can sit for a total of six hours per day, stand and walk for two hours and must lie down for two hours. (T. 538-543).

on the fact finder unless contradicted by substantial evidence to the contrary." 730 F.2d 886 (2d Cir. 1984); Pl. Mem. 7.

However, Bluvband was superceded by statute in 1991.[3] Now a treating source's opinion will be entitled to "'controlling weight' only if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."[4] Schisler v. Sullivan, 3 R.3d 563, 567 (2d Cir. 1993)(citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)); see also Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). In deciding whether to give the treating physician's opinion controlling weight the ALJ must consider the following factors: "(i) the frequency of examination and the length nature and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors. Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (citing 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2)). Then, "[a]fter considering the factors, the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008).

---

[3] "Standards for Consultive Examinations and Existing Medical Evidence," 56 Fed. Reg. 36,932 (1991). See Schisler v. Sullivan, 3 R.3d 563, 566 (2d Cir. 1993).

[4] In Schisler v. Sullivan the Second Circuit noted that case in particular as being an example of the old rule when holding that the new regulations set out by statute are binding on the courts. 3 F.3d at 568-69.

Remand is appropriate where the ALJ fails to provide "'good reasons' for not crediting the opinion of a claimant's treating physician." Id. at 129-30 (citing Snell, 177 F.3d at 133(citing 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2)).

While the ALJ did not explicitly state what weight he gave to Dr. O'Neill's opinion it is evident that the ALJ did not give it controlling weight. (T. 17). When considering Dr. O'Neill's report of October 2006, the ALJ mentions that although Dr. O'Neill "indicated treating diagnoses of osteoarthritis of the right elbow, knee and hip,... none of the x-rays or images showed more than mild to moderate osteoarthritis."[5] (T. 17). The ALJ also notes that Dr. O'Neill reported the Plaintiff able to maintain her home and shop for food while remaining at home with her newborn son. Id. The ALJ concludes that "Dr. O'Neill's treatment notes do not discuss any positive clinical findings to support his assessment." Id.

I find that the ALJ provided "good reasons" for not affording Dr. O'Neill's opinions controlling weight. Snell, 177 F.3d at 133. The ALJ considered his report in light of the evidence in support of his opinion and its consistency with the record as a whole. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2)). Also, upon review of the record the court notes that while there is indication that

---

[5] In an x-ray note from the University of Rochester Imagining Center dated 10/24/10, sent to Dr. Gorczyca at his request with a copy sent to Dr. O'Neill the radiologist notes "heterotrophic ossification is noted...mild post traumatic osteoarthritis about the right hop with preserved femoral head." (T. 175-77).

Dr. O'Neill was the Plaintiff's treating physician in some capacity since 2004,[6] the report itself indicates that the first time he saw the patient for this complaint was 9/25/06 and that he had seen her again on 10/6/06 before making this report. (T. 445). Moreover, while he was treating the Plaintiff for pain, she had only been taking Darvocet for two weeks at the time of the report and that she neither needed a cane to relieve her pain nor experienced fatigue or side effects from the medication.[7] (T. 448, 451). Consideration of these factors, together with the date of the assessment, 10/23/06, two years before Dr. Aguirre's opinion, and conflicting evidence in the record, provide substantial evidence for the ALJ's decision not to afford Dr. O'Neill's opinion controlling weight. (T. 451). <u>Snell</u>, 177 F.3d at 133 ("When other substantial evidence in the record conflicts with the treating physician's opinion...that opinion will not be deemed controlling...)".

The ALJ did afford "considerable weight" to the assessment of Dr. Aguirre, the Plaintiff's current treating physician. (T. 18). He recognized Dr. Aguirre's opinion that the Plaintiff could sit for a total of six hours per day, stand and walk for two hours and must lie down for two hours per day and concluded that Dr. Aguirre's assessment "was consistent with sedentary work." <u>Id</u>.

---

[6] (T. 172) - no mention as to why...; (Pl. Mem. 4).

[7] The ALJ must consider the frequency, of examination and the length, nature and extent of the treatment relationship. 20 C.F.R. §§404.1527(d)(2).

In applying the factors he noted that although there were "no treatment notes" from Dr. Aguirre, his assessment was "supported by all the other medical evidence including diagnostic findings in the medical record." Id; 20 C.F.R. § 404.1527(d)(2).[8] This "other medical evidence" substantiates the conclusion that the Plaintiff is capable of sedentary work.

On October 3, 2006, Dr. Grimm, orthopaedist, noted "early degenerative change" to the Plaintiff's hip, "irregularity of the patellar surface with increased sclerosis" of the knee and a "slight irregularity of the radial head" of the elbow with "a question of mild degenerative change." (T. 430). On November 21, 2006, he noted Plaintiff had "fairly well preserved motion of the hip without significant pain or crepedation today," right knee range of motion...just shy 10 degrees to 120 degrees...no obvious instability," and a "lack[] [of] just a few degrees of terminal extension in right elbow." He recommended physical therapy. (T. 428). Plaintiff saw Dr. John Gorczyca an orthopaedic surgeon on October 16, 2006, who noted a limp but stated that she was able to flex her ankle without difficulty. (T. 434). He expressed some concern over the Plaintiff's reports of hearing grinding in her hip though he was unable to "to palpably appreciate any crepitation or

---

[8] The ALJ was mistaken in stating that there are not treating notes from Dr. Aguirre, which are found on pages 487-520 of the record labeled " Medical Records covering the period from 4-11-06 to 9-18-08". However there is nothing in these notes that suggest that the ALJ erred the weight given to Dr. Aquirre's opinions. (T. 487-520).

grinding" and ordered a CT scan. (T. 434). After review of the CT scan he noted "unclear cause for grinding and discomfort in lateral hip" but that the pain "may represent early degenerative arthritis." (T. 433).

The ALJ also afforded the opinions of Dr. Sinha, a consultive examiner, considerable weight because they were "consistent with the other medical evidence." (T. 17). In an examination on November 3, 2006, Dr. Sinha opined that the Plaintiff had "mild to moderate limitations for prolonged walking, bending, and lifting secondary to the history of back pain and flexion of the right hip, right knee, and right elbow." (T. 455). She based these opinions on x-rays of the Plaintiff's spine and right knee as well as range of motion, strength and reflex tests. (T. 454). The ALJ, gave little weight to the state disability analyst who opined that the plaintiff could walk about six hours in an eight-hour day and sit about six hours in an eight-hour day, because "a disability analyst is not an acceptable medical source under the Regulations." (T. 17, 456-61).

After weighing and considering all of the medical opinions, the ALJ found that "the claimant has the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk 2 hours in an 8-hour day and sit 6 hours in an 8-hour day." (T. 17). While the ALJ did not give Dr. Aguirre's opinion's controlling weight, his conclusion reflects

Dr. Aguirre's December 2008 report in all but the opined requirement of lying down two hours in an eight-hour day. (T. 18).

On March 24, 2009, prior to the final decision of the Appeals Council, the Plaintiff's counsel submitted new evidence in support of the Plaintiff's application. (T. 106-108). Because the Appeals Council was required to consider this new evidence before denying review, their decision necessarily includes the conclusion that the ALJ's decision "remained correct despite the new evidence." Perez v. Chater, 77 F.3d 41,45 (2d Cir. 1996)(citing O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. Okla. 1994)). For this reason, the Second District holds that "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review...." Perez, 77 F.3d at 45. Plaintiff's counsel submitted a signed statement from Dr. Aguirre stating that "regardless of the type of employment that Ms. Henry engaged in, she would have to lie down two hours out of an eight hour day." (T. 108).

I agree with the Appeals Council's conclusion that the ALJ's decision remains correct despite this subsequent clarification. As noted above, the ALJ did not assign Dr. Aguirre's opinion controlling weight though he properly relied on it heavily, and therefore the ALJ is not bound by Dr. Aguirre's clarification. (T. 18). Moreover, Dr. Aguirre's opinion that the Plaintiff must lie down for two hours out of an eight-hour day is not supported by

any objective medical evidence in the record and Dr. Aguirre fails to provide any explanation for this additional limitation. See 20 C.F.R. § 404.1527(d)(4) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight the ALJ will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").[9]

Therefore, I find that the ALJ's assessment of the various medical opinions is supported by substantial evidence and is consistent with the record as a whole. Schaal, 134 F.3d at 503. The ALJ has given "good reasons" for why he did not give controlling weight to the treating physicians' opinions and I agree with the Appeals Council that the ALJ's decision remains correct despite the new evidence. Id.; See Perez, 77 F. 3d at 45.

**B. The ALJ determination that the Plaintiff's subjective complaints were not fully credible is supported by evidence in the record.**

The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and "to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979); Snell v. Apfel, 177 F.3d 128, 135 (2d Cir. 1999) (holding that an

---

[9] Dr. Aguirre's treatment record does note that the Plaintiff complained of fatigue and flu. However, although there is mention of blood tests and a sleep study performed, the record is noticeably bare of any diagnosis or explanation for this complaint resulting from these studies. (T. 487-520). See

ALJ is in a better position to decide credibility). "[A] claimant's subjective evidence of pain is entitled to great weight where...it is supported by objective medical evidence."[10] Simmons v. U.S.R.R. Retirement Bd., 982 F.2d 49, 56 (2d Cir. 1992) (citations omitted). However, if the Plaintiff's testimony concerning the intensity, persistence or functional limitations associated with his impairments is not fully supported by clinical evidence, the ALJ must consider additional factors in order to assess that testimony, including: 1) daily activities; 2) location, duration, frequency and intensity or any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms. 20 C.F.R. §404.1529(c)(3)(i)-(vi), §416.929(c)(i)-(vi).

After considering the Plaintiff's subjective testimony, the objective medical evidence, and other relevant factors, the ALJ may accept or reject claimant's subjective testimony. See Martone v. Apfel, 70 F.Supp.2d 145, 151 (N.D.N.Y. 1999); see also 20 C.F.R. §§404.1529(c)(4), 416(c)(4). An ALJ rejecting the subjective testimony must do so explicitly and with specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's

---

[10] "Objective medical evidence is evidence obtained by the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruptions." Casino-Ortiz v. Astrue, 2007 WL 2745704 at *11, n. 21 (S.D.N.Y. 2007) (citing 20 C.F.R. §404.1529(c)(2)).

disbelief and whether his decision is supported by substantial evidence. See Melchior v. Apfel, 15 F.Supp.2d 215, 219 (N.D.N.Y. 1998)(quoting Brandon v. Bowen, 666 F.Supp. 604, 608 (S.D.N.Y. 1987))(citations omitted); see also Cloutier v. Apfel, 70 F.Supp. 271, 277 (W.D.N.Y. 1999)("The ALJ's findings must be consistent with the other evidence in the case.")(internal citations removed).

The ALJ considered the objective medical evidence and the Plaintiff's treatment history in making his credibility determination. He found that while "the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms," "her severe pain complaints [we]re not supported by diagnostic evidence." (T. 18). The record shows that diagnostic tests from Drs. Grimm, Gorgonzola and Sinha failed to support the Plaintiff's allegations of disabling symptoms. (T. 174-77, 181, 430, 433, 454). Her own treating physician, Dr. Aguirre, opined that the Plaintiff would be able to sit and stand for periods consistent with sedentary work, an opinion relatively consistent with her own testimony regarding her limitations for sitting and standing.[11] (T. 538-39). See Pareja v. Barnhart, 2004 WL 626176, at 10 (S.D.N.Y. 2004)(concluding that despite plaintiff's subjective complaint's, the ALJ noted that several physicians determined that

---

[11] Plaintiff testified that she gets stiff and her hip hurts if she sits for 45 minutes to an hour in a restaurant or at home and needs to get up to relieve the pain, gets stiff if she drives for one hour, and can stand for approximately 20 minutes in one place (T. 573-75).

plaintiff could do medium work based on her medical records and on their own evaluations of her test results).

The ALJ also considers "any side effects of any medications taken." 20 C.F.R. §404.1529(c)(iv). He notes that although the Plaintiff reports feeling drowsy as a result of her medications, she is still capable of caring for her son. (T. 19). Significantly, she feels that none of her medications or their side effects put her son in danger, even when she takes him in the car. (T. 582). Moreover, the Plaintiff repeatedly admits to feeling better after taking her medication and attending physical therapy. See example (T. 170, 443, 452, 462, 491, 577). Dr. Aguirre's treating notes mention chronic back, right hip and right knee pain but he also notes that this pain is better with medication and physical therapy. (T. 491). The physical therapists note that the Plaintiff demonstrated improvement with hydrotherapy. (T. 466-472). The Plaintiff testified at the hearing that the medicines controlled her the pain "most of the time." (T. 577).

This court notes that the ALJ mischaracterized the Plaintiff's testimony in stating that she "does all activities of daily living without limitation." (T. 19). However, the Plaintiff did testify to performing a range of daily activities consistent with sedentary work: she drove to visit family a couple times a week, cooked, maintained the home with help from her husband for chores such as mopping and vacuuming, went grocery shopping, dressed and showered herself, albeit with some difficulty reaching below her knees,

cared for her son on a daily basis taking him with her when she goes out and testified that the pain does not interfere with her concentration or ability to read or watch television. (T. 569, 575, 579, 581-83).

The Plaintiff argues that the ALJ should have considered her good work history in a positive light in making his credibility determination. (Pl. Mem. 13). However, the ALJ did recognize the Plaintiff's return to work after the initial motor vehicle accident as well as her subsequent leaving due to pregnancy complications after which she did not return to work. (T. 18). This court recognizes that the ALJ is in a better position to decide credibility than the reviewing court, and does not substitute its judgment for the ALJ's. See Snell, 177 F.3d 128, 135; Littlefield v. Astrue, 2008 U.S. Dist. LEXIS 33727 (N.D.N.Y Jan. 7, 2008) (citing Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. Vt. 2002); Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988)); Kirkland Railroad Retirement Bd., 706 F.2d 99, 103 (2d Cir. 1983).

The District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Burbnis, 150 F.3d at 181. The ALJ has based his credibility finding on the substantial evidence in the record. See Melichor, 15 F.Supp.2d at 219. Therefore, I affirm the ALJ's finding that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with [a sedentary] residual

functional capacity assessment. (T. 18). The ALJ's findings concerning the Plaintiff's credibility and that the Plaintiff is not disabled within the meaning of the Social Security Act are supported by substantial evidence in the record.

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
_____
Michael A. Telesca
United States District Judge

DATED: June 23, 2010
Rochester, New York